UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                             Case No. 12-20298

v.

                                             Hon. John Corbett O'Meara

DONALD CLIFTON ALLEN, JR.,

    Defendant.

_____/

## OPINION AND ORDER

Before the court are several motions filed by Defendant: (1) motion to dismiss counts 1, 3, and 4 because of destruction of exculpatory evidence, filed July 23, 2015; (2) motion for discovery of individuals JN and MT, filed July 24, 2015; (3) motion to dismiss for unreasonable pre-indictment delay, filed July 30, 2015; and (4) motion to dismiss for violation of Speedy Trial Act and Sixth Amendment, filed August 3, 2015. The court heard oral argument on September 17, 2015, and took the matter under advisement. For the reasons explained below, Defendant's motions are denied.

## BACKGROUND FACTS

Defendant Donald Allen is charged in the First Superseding Indictment with four counts: Count 1, interstate transportation of a minor for the purpose of

prostitution; Count 2, transportation of an adult for prostitution; Count 3, sexual exploitation of children; and Count 4, possession of child pornography.

On June 22, 2009, Yun Chong Hindy was stopped by Troy Police for a traffic violation. Defendant Allen and J.N. (a minor) were passengers in the car. Hindy told the officer that she wanted to "get away from" Allen and that J.N. was a prostitute. Hindy stated that Allen was selling "several young girls" for "bad things" while staying at her apartment. She consented to a search and turned her keys over to the Troy Police.

The officers went to her apartment and found a video recorder and two laptop computers. A driver's license was found in a backpack in the name of L.H., date of birth 1989. Defendant contends that J.N. used this license as her own to show that she was over eighteen years old.

The Troy Police Department destroyed the driver's license on June 19, 2014. Defendant argues that he relied upon the license as proof of J.N.'s age and that he thought she was over eighteen. The government states that it has re-created the license with information provided by the Michigan Secretary of State.

## LAW AND ANALYSIS

I. **Motion to Dismiss Counts 1, 3, and 4**

Defendant seeks dismissal of Counts 1, 3, and 4 of the indictment because he

alleges that the driver's license was exculpatory evidence that was destroyed by Troy Police. With respect to Counts 1 (transportation of minor for prostitution) and 3 (sexual exploitation of children), however, the driver's license is irrelevant and not exculpatory. Mistake of age is no defense to crimes involving the exploitation of children. See United States v. Mozie, 752 F.3d 1271, 1282 (11th Cir. 2014); United States v. Ruggiero, 2015 WL 3954186, __ F.3d __ (11th Cir. 2015). See also United States v. Humphrey, 608 F.3d 955 (6th Cir. 2010) ("[K]nowledge of the victim's age is neither an element of the offense nor textually available as an affirmative defense.").

With respect to Count 4 (possession of child pornography), the government must show that Allen knew that J.N. was a minor. Therefore, the destroyed license is arguably relevant and exculpatory. The government has, however, obtained a copy from the Michigan Secretary of State. Defendant has not articulated how he would be prejudiced by the replacement. The court will deny Defendant's motion.

## II. Motion for Discovery of J.N. and M.T.

Defendant seeks discovery – the personal contact information – of J.N. and M.T., who were the alleged victims. The government has offered to contact these witnesses to ask if they are willing to be interviewed by Defendant's investigator. Defendant does not wish the use the government as a go-between, suggesting that

the government would influence these witnesses not to speak to Defendant.

Defendant has no legal basis for his request. These witnesses are not required to speak to Defendant and there is no evidence that the government will attempt to unfairly influence them. Defendant's motion is denied.

### III. Motion to Dismiss for Unreasonable Pre-Indictment Delay

Defendant contends that this action should be dismissed because the government unreasonably delayed in seeking an indictment. The events at issue in this case took place between May 2009 and December 2009; the indictment was returned on May 15, 2012.

A defendant's primary guarantee against stale charges is the statute of limitations, which is not at issue here. The Due Process Clause of the Fifth Amendment also plays a "limited role" in protecting against pre-indictment delay. See United States v. Lovasco, 431 U.S. 783, 789 (1977). "Dismissal for pre-indictment delay is warranted only when the defendant shows [1] substantial prejudice to his right to a fair trial *and* [2] that the delay was an intentional device by the government to gain a tactical advantage." United States v. Brown, 959 F.2d 63, 66 (6th Cir. 1982).

Defendant argues that he has been prejudiced because Yun Chong Hindy died in 2010 and because the Troy Police Department destroyed the driver's

license. As discussed above, a replacement license is available. As for Hindy, it is not clear that she would have provided exculpatory information or testified in Defendant's favor. The police report suggests otherwise – that Hindy wanted to "get away from" Defendant. "[A] defendant does not show actual prejudice based on the death of a potential witness if he has not given an indication of what the witness's testimony would have been and whether the substance of the testimony was otherwise available." United States v. Rogers, 118 F.3d 466, 475 (6th Cir. 1997).

Further, even if Defendant could demonstrate prejudice, he cannot show that the delay was attributable to the government's desire to obtain a tactical advantage. The government attributes the pre-indictment delay to the need to find witnesses, including J.N. (who provided a statement in 2011), and to complete the investigation. Because the government has presented valid reasons for the delay, Defendant cannot prevail on his due process claim. See United States v. DeClue, 899 F.2d 1465, 1468-69 (6th Cir. 1990).

**IV.     Motion to Dismiss for Violation of Speedy Trial Rights**

Defendant moves for dismissal under the Sixth Amendment and the Speedy Trial Act. Defendant previously moved to dismiss (pro se) under the Speedy Trial Act on September 3, 2014. Because most of the delay was stipulated to by the

parties and was excludable, the court denied the motion. Since then, the delay in this matter is primarily attributable to Defendant: two attorneys representing Defendant have withdrawn. Defendant's current counsel, S. Allen Early, is his fourth. Each time Defendant obtained new counsel, that attorney needed additional time to review the voluminous discovery in this matter (including 200 hours of videotape). Most recently, in July 2015, attorney Early advised the court that he could not properly prepare for trial before December 2015.

Defendant argues that he did not agree to the delays that were stipulated to by his counsel. If the other criteria for excludable delay are met, however, his consent is not required. See United States v. Stewart, 628 F.3d 246, 254 (6th Cir. 2010). Based upon the stipulated delays and the court's findings that the ends of justice outweighed the public's and Defendant's interest in a speedy trial, there is no Speedy Trial Act violation. Nor is there a Sixth Amendment violation, given that Defendant – who has gone through four attorneys and has filed several rounds of motions – is primarily responsible for the delay and has not demonstrated substantial prejudice as a result of it. See United States v. Richardson, 793 F.3d 612, 626 (6th Cir. 2015).

## **ORDER**

IT IS HEREBY ORDERED that Defendant's pre-trial motions (Docket Nos. 96, 97, 102, and 105) are DENIED.

s/John Corbett O'Meara<br>United States District Judge

Date: September 22, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 22, 2015, using the ECF system.

s/William Barkholz<br>Case Manager