UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                      Case No. 12-20298

                                      Hon. John Corbett O'Meara

DONALD CLIFTON ALLEN, JR.,

    Defendant.

_____/

**OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR NEW TRIAL**

Before the court is Defendant's motion for new trial, filed December 28, 2015. The government filed a response on February 1, 2016. The court did not hear oral argument.

**BACKGROUND FACTS**

On December 16, 2015, a jury found Defendant Donald Allen guilty on all four counts of the superseding indictment: Count One, transportation of minors for prostitution; Count Two, transportation of adults for prostitution, Count Three, production of child pornography; and Count Four, possession of child pornography. Defendant contends that a new trial should be granted because (1) the evidence was insufficient on Counts One, Two, and Four; (2) the verdict was

against the great weight of the evidence as to Counts One and Two; (3) the court erred by admitted other crimes evidence, denying Defendant a fair trial on all counts; and (4) the court instructed the jury in error on Count One.

## LAW AND ANALYSIS

Although Defendant has not expressly moved for an acquittal pursuant to Rule 29, he appears to make such a claim by arguing that the evidence is insufficient on Counts One, Two, and Four.[1] A court may enter a judgment of acquittal if "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In analyzing a motion for acquittal,

> this court does not "weigh the evidence or ... determine the credibility of the witnesses." Rather, the burden of this court is to evaluate whether, viewed in a light most favorable to the government, there is sufficient evidence for any rational trier of fact to have found the essential elements of a crime beyond a reasonable doubt. This court "will reverse a judgment for insufficiency of evidence only if this judgment is not supported by substantial and competent evidence upon the record as a whole, and . . . this rule applies whether the evidence is direct or wholly circumstantial."

United States v. Turner, 995 F.2d 1357, 1362 (6th Cir. 1993) (citations omitted).

Rule 33 provides that the court may grant a new trial to the defendant "if the

---

[1] The court denied Defendant's oral motion for acquittal pursuant to Rule 29 from the bench on December 16, 2015.

interest of justice so requires." Fed. R. Crim. P. 33. "The defendant bears the burden of proving the need for a new trial and such motions should be granted sparingly and with caution." Turner, 995 F.2d at 1364. "A motion for a new trial can be premised on the argument that the 'verdict was against the manifest weight of the evidence,' and it can be premised on the argument that 'substantial legal error has occurred.'" United States v. Callahan, 801 F.3d 606, 616 (6th Cir. 2015) (citation omitted).

> A reversal based on the verdict being against the manifest weight of the evidence is proper when the government has presented sufficient evidence to convict, but the judge disagrees with the jury's resolution of conflicting evidence. When considering a motion for new trial based upon the weight of the evidence, district judges can act in the role of a "thirteenth juror" and consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice.

United States v. Lutz, 154 F.3d 581, 589 (6th Cir. 1998). In general, motions based on the manifest weight of the evidence are granted only "in the extraordinary circumstance where the evidence preponderates heavily against the verdict." United States v. Hughes, 505 F.3d 578, 592 (6th Cir. 2007) (citation omitted).

Defendant contends that the evidence was insufficient to sustain the verdict on Counts One and Two (transportation of minor and adults for prostitution) because the government failed to prove Defendant's intent beyond a reasonable

doubt. To the contrary, there was ample evidence that Defendant intended the individuals at issue to engage in prostitution during their trips to Cleveland and Georgia. Defendant appeared in videos describing how he earned money as a "player" by hustling women, and the victims testified that their prostitution activities provided Defendant's sole source of income. In Cleveland (Count One), Defendant took J.N. and M.T. to an area known for prostitution, and in Georgia (Count Two) he took J.N. to the "track" to encourage her to engage in prostitution upon their arrival. This evidence is sufficient to allow the jury to infer Defendant's intent.

Further, viewing the record as a whole, the court is not persuaded that the jury's verdict is against the manifest weight of the evidence. Rather, the manifest weight of the evidence supports the jury's verdict on Counts One and Two.

With respect to Count Four, Defendant argues that the evidence is insufficient because the government failed to show possession of child pornography beyond a reasonable doubt. The child pornography was found on five laptops and a video camera. Defendant argues that the electronic devices were not in his possession and were not his. However, the evidence at trial showed that Defendant video-recorded a conversation with J.N. in which she stated her age was seventeen. The video camera that recorded that conversation was identified as

Defendant's and is the same make and model of camera that produced and contained the child pornographic images. Additional copies of the child pornographic images were found on laptop computers that witnesses identified as belonging to Defendant and that were seized from a room where Defendant had stayed. The court notes that Defendant does not challenge his conviction on Count Three (production of child pornography), which involved the production of the same child pornographic videos and images that he was charged with possessing in Count Four. The evidence is sufficient to sustain the jury's verdict on Count Four.

Defendant also argues that he was prejudiced by the admission of other crimes and acts evidence – such as in-state prostitution activity – under Fed. R. Civ. P. 404(b). This evidence was admitted to prove Defendant's intent, which was at issue in Counts One and Two. In denying Defendant's motion in limine on this issue, the court determined that (1) there was sufficient evidence of the other acts (including video recordings); (2) the acts were probative of a material issue other than character (Defendant's intent); and (3) the probative value of the evidence was not outweighed by its potential prejudicial effect. See United States v. Haywood, 280 F.3d 715, 719-20 (6th Cir. 2002). Contrary to Defendant's argument, the jury was instructed to consider the other crimes or acts only as

evidence of Defendant's intent. See Jury Instructions at 40 (Docket No. 144). Defendant has not demonstrated that the admission of other crimes and acts evidence warrants a new trial.

Defendant also argues that he is entitled to a new trial because of a mistake in the oral jury instructions. When describing the statute defining the offense in Count One (transportation of minors), the following language was included in the oral reading of the instructions: "whoever *attempts* or *conspires* to violate section (a) [transportation of minors for prostitution] shall be punished in the same manner." Jury Instructions at 19 (emphasis added). This attempt/conspiracy language was stricken from the written copies of instructions provided to the jury. Id.

Defendant does not challenge the instruction setting forth the *elements* of Count One, which accurately sets forth the elements of the crime and does not include mention of attempt/conspiracy language. Jury Instructions at 20-22. Nothing in the instructions permitted the jury to find that Defendant attempted or conspired to transport a minor; there were no instructions explaining these terms. Rather, the instructions required that the government prove the following elements beyond a reasonable doubt: (1) that the defendant knowingly transported an individual; (2) that the individual transported was under 18 years of age; (3) that

the defendant intended the individual to engage in prostitution; and (4) that the transportation was in interstate commerce. Id.  The jury was also instructed to consult the instructions if they had questions, and to consider the instructions as a whole. Id. at 3-4.

As the Sixth Circuit has explained, "no single provision of the jury charge may be viewed in isolation; rather, the charge must be considered as a whole." United States v. Ross, 502 F.3d 521, 527 (6th Cir. 2007) (citation omitted).  "A judgment may be reversed based upon an improper jury instruction 'only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial.'" Id. (citation omitted).  Viewing the instructions as a whole, the court finds that they were accurate as provided to the jury and that they were not confusing, misleading, or prejudicial as to Count One.

## ORDER

For these reasons, IT IS HEREBY ORDERED that Defendant's motion for a new trial is DENIED.

                                                s/John Corbett O'Meara
                                                United States District Judge

Date:  March 14, 2016

     I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 14, 2016, using the ECF system.

                                                 s/William Barkholz
                                                 Case Manager